### Widow James Hagan *v.* James Grimshaw.

In the partition of a succession, where there are minor heirs, if they have opposite interests to each other, although represented by the same tutor, there should be appointed to each of them a special tutor, or tutor *ad hoc.* But in a partition by roots, where the minors form but one root, their interests *inter se* do not clash, but on the contrary, are alike, and the necessity for the appointment of special tutors does not then arise.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
*G. LeGardeur* and *H. D. Ogden,* for plaintiff.  *Duncan & McConnell,* for defendant and appellant.

Voorhies, J.  The plaintiff became the purchaser of property at a sale, made for the purpose of effecting a partition between the heirs of *Widow Euphémie Labranche,* deceased.

There were six children, the sons and daughters of the deceased, and her grandchildren, in representation of their deceased father, *Hermogène Brown,*—in all seven roots.

In the action of partition, the grandchildren were represented by their tutor, *Chastant.*

The plaintiff subsequently sold the property so purchased to the defendant, *James Grimshaw;* but. as the latter conceived that these minors ought, in law, to have been represented by special tutors, or tutors *ad hoc,* it was stipulated in the deed of sale that : " the said vendor does not only warrant and defend the said property against the claim and claims of said minors and each of them, but she here specially binds and obligates herself to have the interest of said minors in the property now sold, forthwith legally divested and conveyed to the present purchaser, free of all charge or additional price, than herein expressed as the consideration of the present sale ; and for the particular security of said purchaser for the fulfilment of this obligation, it is hereby specially agreed and covenanted that the note of $5000, payable six years after date, furnished by the said purchaser in payment, as aforesaid, shall remain in the custody of the undersigned Notary, until the full performance of said obligation shall have been executed to the satisfaction of said purchaser ; and if the same shall not be accomplished before said note becomes due, then the same, without accumulation of interest, is to remain unpaid until the said obligation shall have been duly executed."

The plaintiff brought this suit, praying to be put in possession of the note of $5000.  She states in her petition, that the stipulation made in the deed, in relation to the alleged defect in the title to the property transferred, was the result of an error of law,—for that the proceedings in the partition were regular, there being no necessity, in such cases, for the appointment of special tutors, or tutors *ad hoc.*

The Civil Code, Art. 1291, provides that : " If there are several minors, who have opposite interests in the partition, and who have the same tutor or curator, there shall be appointed to each of them a special tutor, whose functions shall cease as soon as the partition is terminated."

The test is, whether the minors have interests opposed to each other's, although represented by the same tutor.  It is evident that, in a partition by roots, where

HAGAN
v.
GRIMSHAW.

the minors form but one root, their interests *inter se* do not clash, but, on the contrary, are alike; and that the necessity of the appointment of special tutors does not then arise. Such is the ruling of this court on this point in the case of the *Succession of Aguilard*, 13 An. 98.

The defendant cannot consider himself exposed to an eviction, at the suit of the minor children of *Hermogène Brown*, deceased : his title, in that respect, is perfect. The plaintiff is, consequently, entitled to the possession of the note in question; but, under the special stipulations of the contract to hold the purchaser free of all charge or additional price, the former must pay the costs.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by disallowing to the plaintiff the costs of the District Court; and that, in other respects, the said judgment be affirmed,—the plaintiff and appellee paying the costs of appeal.

LAND, J., absent.